Filed by ELECTRONIC   S.W.   D.C.

May 12 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM DIVISION

CASE NO.: 06-80177-CIV-MIDDLEBROOKS
Magistrate Judge Johnson

ALLIANZ INSURANCE
COMPANY; WINTERTHUR
INTERNATIONAL, INC.; INSURANCE
COMPANY OF HANOVER, as
subrogees of Continental
General Tire, Inc.,

    Plaintiffs,

vs.

FORD MOTOR COMPANY,

    Defendant.
_____/

## **DEFENDANT, FORD MOTOR COMPANY'S ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**

The Defendant, FORD MOTOR COMPANY, (hereinafter referred to as "Ford"), by and through its undersigned counsel, and pursuant to FED.R.CIV.P. 8(b), hereby files its Answer, Defenses and Affirmative Defenses to the Plaintiffs' Complaint filed herein.

### **GENERAL AVERMENTS**

1.  Ford admits that Plaintiffs seek damages in an amount in excess of the jurisdictional limit of this Court.

2.  Ford admits that this Court has original jurisdiction of this action based upon diversity of citizenship pursuant to Title 28 U.S.C. §1332.

ORL#665071.1

3.   Ford admits that it is a Delaware corporation having its principle place of business in Michigan.

4.   Ford admits that it designed in part, manufactured in part and distributed vehicles, including 1997 Ford F-150 pick-up trucks.

5.   Ford denies, severally, all remaining material allegations of the Plaintiffs' Complaint not specifically admitted herein, and demands strict proof thereof.

## DEFENSES AND AFFIRMATIVE DEFENSES

By way of Defense and Affirmative Defense, Ford states the following:

## FIRST DEFENSE

The injuries complained of are the result of third parties over whom Ford had no control, including but not limited to, Continental General Tire, Inc.  Ford will identify any other such persons with as much particularity as is feasible as discovery progresses and in sufficient time to allow Plaintiffs to respond and/or amend their Complaint.  Thus, Plaintiffs' claims should be barred or proportionately reduced by the intentional and/or negligent acts of such known or unknown third parties.

## SECOND DEFENSE

This action is governed by § 768.81, *Fla. Stat.*, and Plaintiffs' recovery is diminishable by that percentage of fault

attributable to persons or entities other than Ford. Thus, Ford's liability, if any, is limited to its percentage of responsibility for the Plaintiffs' damages, if any, regardless of whether or not other persons or entities are named as co-defendants.

### THIRD DEFENSE

The subject 1997 Ford F-150 was being misused at the time of the incident complained of, such that said misuse was the proximate cause of the accident and Plaintiffs' alleged damages.

### FOURTH DEFENSE

Pursuant to § 627.736(3), *Fla. Stat.*, Ford is entitled to a set-off from any recovery against it to the extent of all personal injury protection benefits paid or payable to or on behalf of Fremond Jean Baptiste.

### FIFTH DEFENSE

The subject 1997 Ford F-150, which is the basis of this lawsuit, conformed to the state of the art in the automotive industry at the time of its manufacture and complied with all Federal Motor Vehicle Safety Standards applicable to it.

### SIXTH DEFENSE

At the time and place alleged, Fremond Jean Baptiste failed to use or properly use the available and fully-operational seat belt, which failure was unreasonable under the circumstances and produced or contributed substantially to at least a portion of

ORL#665071.1

3

his injuries and/or damages. Therefore, Plaintiffs' recovery, if any, should be barred or comparatively diminished in accordance with the percentage of damages caused by the non-use or improper use of the available and fully-operational seat belt.

### SEVENTH DEFENSE

Fremond Jean Baptiste voluntarily used the vehicle referred to in the Complaint, knowing the design, condition and manufacture of the vehicle, assuming the ordinary risks incident to the operation of the vehicle. The accident, damages and injuries, if any, were due to such ordinary risks. Accordingly, Plaintiffs are barred from asserting any claims for damages against Ford.

### EIGHTH DEFENSE

If any defect existed in the design or manufacture of the subject vehicle or its components, it was not in the same condition as when it left the custody or control of Ford, substantial changes or alterations having been made thereto, which changes or alterations were the proximate cause of any defective condition or conditions, thus barring or reducing proportionately all claims for damages against Ford.

### NINTH DEFENSE

Pursuant to § 768.76, *Fla. Stat.*, Ford is entitled to set-off from any recovery against it to the extent of the value of

ORL#665071.1                              4

all benefits paid or payable to or on behalf of Fremond Jean Baptiste from any collateral source.

### TENTH DEFENSE

The subject 1997 Ford F-150's design was reasonably safe as measured by the risk-utility analysis set forth in the Restatement (Third) of Torts.

### ELEVENTH DEFENSE

At the time and place alleged, Fremond Jean Baptiste so carelessly and negligently conducted himself in the operation, use and/or maintenance of the vehicle involved in the alleged incident, and the failure to exercise reasonable care for his own safety and others, which negligence proximately caused or contributed to the accident, injuries and damages complained of, thus barring or reducing proportionately all claims for damages against Ford.

### TWELFTH DEFENSE

Ford is entitled to a set-off for all sums of money by settlement, judgment, and agreement or otherwise entered into and received by Fremond Jean Baptiste and any party or non-party to this action.

### THIRTEENTH DEFENSE

Fremond Jean Baptiste failed to mitigate his damages, if any, in the manner required by the law of Florida.

ORL#665071.1                                5

## FOURTEENTH DEFENSE

The 1997 Ford F-150 was not dangerous when used in a reasonable and foreseeable manner and for its intended purposes.

## FIFTEENTH DEFENSE

Plaintiffs' claims, insofar as they seek recovery based upon allegations of failure to warn or of inadequate warnings, using stickers, placards, notices, etc., are preempted by Federal law pursuant to the National Traffic and Motor Vehicle Safety Act of 1966 (15 U.S.C. §1393, *et. seq.*) and the regulations issued by the Secretary of Transportation pursuant thereto, more particularly known as the Federal Motor Vehicle Safety Standards.

## SIXTEENTH DEFENSE

Plaintiffs' Complaint fails to state a cause of action against Ford for indemnification. Ford has filed a Motion to Strike Plaintiffs' indemnification claim.

## RIGHT TO ALLEGE FURTHER DEFENSES AS SUPPORTED BY EVIDENCE

Ford reserves the right to assert all other affirmative defenses that become known to it through the course of discovery in this cause.

## DEMAND FOR JURY TRIAL

Ford demands trial by jury on all issues so triable.

**WHEREFORE, PREMISES CONSIDERED,** Ford hereby requests this Honorable Court to enter judgment against Plaintiffs, and in its favor, as to all issues and matters set forth in the Plaintiffs' Complaint, and awarding to Ford its taxable cost and such further relief as is appropriate and just under the circumstances.

        Respectfully submitted,

s/ Shayne A. Thomas_____
**FRANCIS M. MCDONALD, JR., ESQ.**
Florida Bar No. 327093
**SHAYNE THOMAS, ESQ.**
Florida Bar No. 585025
CARLTON, FIELDS, P.A.
450 S Orange Avenue, Suite 500
Orlando, Florida 32801
Telephone:     (407) 849-0300
Facsimile:     (407) 648-9099
***Counsel for Ford Motor Company***

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that a copy of the foregoing has been furnished via U.S. Mail this 12th day of May 2006 to: **Michael B. Buckley, Esquire,** Buckley & Fudge, P.A., 944 4th Street North, Suite 800, St. Petersburg, Florida 33701.

    s/ Shayne A. Thomas_____
**FRANCIS M. MCDONALD, JR., ESQ.**
Florida Bar No. 327093
**SHAYNE THOMAS, ESQ.**
Florida Bar No.  585025
CARLTON, FIELDS, P.A.
450 S Orange Avenue, Suite 500
Orlando, Florida 32801
Telephone:    (407) 849-0300
Facsimile:    (407) 648-9099
***Counsel for Ford Motor Company***